1  Reginald McDaniel, Esq. (ASB-7676-L73M)
2  3720 4th Avenue South
   Birmingham, AL 35222
3  205.222.8656 cell
4  205.433.6130 office
   888.357.8447 fax
5  rdm@reginaldmcdaniel.com
6
   Of Counsel to:
7  Credit Repair Lawyers of America
8  22142 West Nine Mile Road
   Southfield, MI 48033
9  Telephone:  (248) 353-2882
10 Facsimile:  (248) 353-4840
11
   *Attorneys for Plaintiff,*
12 *David Jackson,*
13
14        IN THE UNITED STATES DISTRICT COURT
15        FOR THE MIDDLE DISTRICT OF ALABAMA
16 David Jackson,                    | Case No.: 3:17-cv-521
17          Plaintiff,
18
19     vs.                           | **COMPLAINT**
20 Experian Information Solutions, Inc.,
21 an Ohio corporation,              | **JURY TRIAL DEMAND**
   Equifax Information Services, LLC,
22 a Georgia company,
23 Trans Union, LLC,
   a Delaware limited liability company, and
24 Navy Federal Credit Union,
25 a Virginia corporation,
26          Defendants.
27
28
                        1

RECEIVED

2017 AUG -2  P 12: 24

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NOW COMES THE PLAINTIFF, DAVID JACKSON, BY AND THROUGH COUNSEL, , and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Phenix City, Russell County, Alabama.

4. Venue is proper in the Middle District of Alabama, Eastern Division.

## PARTIES

5. Plaintiff is a natural person residing in Phenix City, in Russell County, Alabama.

6. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian") which is an Ohio company that maintains a registered agent in Montgomery County, Alabama;

2

b. Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Montgomery County, Alabama;

c. Trans Union, LLC ("Trans Union") which is a Delaware limited liability company that maintains a registered in Montgomery County, Alabama; and

d. Navy Federal Credit Union ("Navy Federal") which is a Virginia corporation that maintains a registered agent in Richmond, Virginia.

## **GENERAL ALLEGATIONS**

7. Navy Federal is reporting multiple trade lines on Plaintiff's Experian, Equifax and Trans Union credit files ("Bogus Trade Lines"). The Bogus Trade Lines are fraudulent as Mr. Jackson is a victim of identity theft.

8. In 2015, Mr. Jackson obtained his credit files and noticed several trade lines and information that did not belong to him. He then filed a police report with the Phenix City police department.

9. On or about May 11, 2017, Mr. Jackson obtained his credit files and noticed the Bogus Trade Lines.

10. On or about May 19, 2017, Mr. Jackson received a letter from Navy Federal attempting to collect a debt for the Bogus Trade Line ending in 2504 in the amount of $17,375.00.

3

11. On or about May 25, 2017, Mr. Jackson submitted letters to Experian, Equifax and Trans Union disputing the Bogus Trade Lines.  He explained that he is a victim of identity theft and attached a copy of the police report.  He asked Experian, Equifax and Trans Union to remove the Bogus Trade Lines from his credit files.

12. On or about June 2, 2017, Mr. Jackson received Experian's investigation results which showed that Navy Federal retained two of the Bogus Trade Lines.

13. On or about June 5, 2017, Mr. Jackson received correspondence from Experian stating that it added a fraud alert to his file.

14. On or about June 19, 2017, Mr. Jackson received Equifax's investigation results which showed that Navy Federal retained all four of the Bogus Trade Lines.

15. On or about June 20, 2017, Mr. Jackson received Trans Union's investigation results which showed that two of the Bogus Trade Lines were deleted. However, the results do not mention the other two Bogus Trade Lines. Trans Union failed to send Mr. Jackson its reinvestigation results of the other two Bogus Trade Lines in violation of the FCRA.

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain

4

from applying for new credit or more favorable terms on existing credit lines.
Plaintiff has also experienced undue stress and anxiety due to Defendants'
failure to correct the errors in his credit file or improve his financial situation by
obtaining new or more favorable credit terms as a result of the Defendants'
violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVY FEDERAL

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Experian and Equifax of Mr. Jackson's consumer dispute of the of the Bogus Trade Lines, Navy Federal negligently failed to conduct a proper investigation of Mr. Jackson's dispute as required by 15 USC 1681s-2(b).

19. Navy Federal negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Equifax to remove the Bogus Trade Lines.

20. The Bogus Trade Lines are inaccurate and creating a misleading impression on Mr. Jackson's consumer credit files with Experian and Equifax to which it is reporting such trade lines.

5

21. As a direct and proximate cause of Navy Federal's negligent failure to perform its duties under the FCRA, Mr. Jackson has suffered damages, mental anguish, suffering, humiliation and embarrassment.

22. Navy Federal is liable to Mr. Jackson by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Mr. Jackson has a private right of action to assert claims against Navy Federal arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Navy Federal for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVY FEDERAL

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Experian and Equifax that Mr. Jackson disputed the accuracy of the information it was providing, Navy Federal willfully failed to conduct a proper reinvestigation of Mr. Jackson's dispute.

26. Navy Federal willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

6

27. As a direct and proximate cause of Navy Federal's willful failure to perform its duties under the FCRA, Mr. Jackson has suffered damages, mental anguish, suffering, humiliation and embarrassment.

28. Navy Federal is liable to Mr. Jackson for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Navy Federal for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Jackson as that term is defined in 15 USC 1681a.

31. Such reports contained information about Mr. Jackson that was false, misleading, and inaccurate.

7

32. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Jackson, in violation of 15 USC 1681e(b).

33. After receiving Mr. Jackson's consumer dispute to the Bogus Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Jackson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Experian is liable to Mr. Jackson by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Jackson as that term is defined in 15 USC 1681a.

8

38. Such reports contained information about Mr. Jackson that was false, misleading, and inaccurate.

39. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Jackson, in violation of 15 USC 1681e(b).

40. After receiving Mr. Jackson's consumer dispute to the Bogus Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Jackson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Experian is liable to Mr. Jackson by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

9

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Jackson as that term is defined in 15 USC 1681a.

45. Such reports contained information about Mr. Jackson that was false, misleading, and inaccurate.

46. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Jackson, in violation of 15 USC 1681e(b).

47. After receiving Mr. Jackson's consumer dispute to the Bogus Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

48. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Jackson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

49. Equifax is liable to Mr. Jackson by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

50. Plaintiff realleges the above paragraphs as if recited verbatim.

51. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Jackson as that term is defined in 15 USC 1681a.

52. Such reports contained information about Mr. Jackson that was false, misleading, and inaccurate.

53. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Jackson, in violation of 15 USC 1681e(b).

54. After receiving Mr. Jackson's consumer dispute to the Bogus Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

11

55. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Jackson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

56. Equifax is liable to Mr. Jackson by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

57. Plaintiff realleges the above paragraphs as if recited verbatim.

58. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Jackson as that term is defined in 15 USC 1681a.

59. Such reports contained information about Mr. Jackson that was false, misleading, and inaccurate.

60. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Jackson, in violation of 15 USC 1681e(b).

61. After receiving Mr. Jackson's consumer dispute to the Bogus Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

62. Trans Union negligently failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period on the date which Trans Union received notice of the dispute from Plaintiff as required by 15 U.S.C. 1681i.

63. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Jackson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

64. Trans Union is liable to Mr. Jackson by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT VIII</u>

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

65. Plaintiff realleges the above paragraphs as if recited verbatim.

13

66. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Jackson as that term is defined in 15 USC 1681a.

67. Such reports contained information about Mr. Jackson that was false, misleading, and inaccurate.

68. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Jackson, in violation of 15 USC 1681e(b).

69. After receiving Mr. Jackson's consumer dispute to the Bogus Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

70. Trans Union willfully failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period on the date which Trans Union received notice of the dispute from Plaintiff as required by 15 U.S.C. 1681i.

71. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Jackson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

72. Trans Union is liable to Mr. Jackson by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

14

1    **WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment

2    against Trans Union for the greater of statutory or actual damages, plus punitive

3

4    damages, along with costs, interest, and attorneys' fees.

5

6

7                            **JURY DEMAND**

8        Plaintiff hereby demands a trial by Jury.

9    DATED: July 31, 2017

10

11

12

13                        By: _____

14                            Reginald McDaniel

15                            Attorney for Plaintiff,
                             David Jackson

16

17

18

19

20

21

22

23

24

25

26

27

28

                            15